IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM RUSSELL ESTY,** | : | No. 5:09cv248 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **HSBC AUTO FINANCE,** | : | |
| **HSBC AUTO CREDIT INC.,** | : | |
| **FINANCIAL ADJUSTERS, and** | : | |
| **DIRECTOR FELICIA STRAUB,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is plaintiff's motion for a preliminary injunction (Doc. 6).

**Background**

This matter arises from a loan agreement between the plaintiff and defendant HSBC Auto Credit, Inc. Plaintiff entered into that agreement on March 20, 2008. (See Exhibits to Plaintiff's Complaint (Doc. 1-2)). In the agreement, defendant agreed to lend plaintiff $19,736.60, to be repaid over sixty months at 16.79% interest for the purchase of an automobile. (Id.). The vehicle that plaintiff purchased, a 2007 Mini Cooper, served as security for the loan. (Id.). Plaintiff made payments on the loan for several months. He eventually fell behind on those payments, however, and on February 6, 2009, Defendant HSBC Auto Finance sent plaintiff a notice of repossession, notice of right to redeem and notice of plan to sell property. (See Exh. 1 to Plaintiff's Motion for a Temporary Restraining Order (Doc. 6-2)). Plaintiff was

past due on almost $2,000 in payments. (Id.). According to testimony at the hearing on plaintiff's motion, the defendants eventually repossessed the automobile in question.

Plaintiff filed the instant *pro se* complaint on February 6, 2009. (See Doc. 1). He alleges that the debt on an auto loan he signed was invalid because the defendants violated federal truth-in-lending law (15 U.S.C. § 1601, *et seq.*) in failing to disclose the terms of the loan and in failing to obtain a valid signature on the agreement. He seeks to have the court declare the contract void and discharge the plaintiff from any liability on the loan. He raises several claims. First, plaintiff alleges that defendants violated 12 U.S.C. § 1831 when they failed to inform him, as borrower, that Federal Reserve policies and procedures prohibit certain lenders from lending their own assets or the assets of other bank depositors. Second, plaintiff alleges that defendants did not inform him that his promissory note would be converted into a negotiable instrument that became an asset on the bank's books. Third, the banks allegedly did not inform plaintiff that his signature–not the banks–transformed the note into a negotiable instrument. Fourth, the banks failed to accede to plaintiff's express written request to provide proof of claim on the debt, and to tell plaintiff that the debt would be converted to an asset and sold without valuable consideration. Fifth, the lender did not provide plaintiff with a deposit slip for the money he provided under the loan converted into an asset. Defendant Felicia Straub is charged with aiding and abetting this scheme.

Plaintiff filed a motion for a temporary restraining order (TRO) (Doc. 6) on February 17, 2009. He alleged that the defendants planned to sell the automobile, in which he had a "perfected security interest." Plaintiff sought an injunction from the court preventing the sale of the automobile until the question of the loan agreement's validity was settled. He asserted that he would face irreparable harm from the sale of the car before he had an opportunity to litigate his claim.

United States District Judge A. Richard Caputo, to whom this matter is assigned, considered the plaintiff's motion for a TRO.[1] On January 19, 2009, Judge Caputo issued a memorandum and order (Doc. 7) denying the plaintiff's request for a temporary restraining order. Judge Caputo found that plaintiff had not made any showing that he would suffer immediate and irreparable injury, loss or damage. Because Federal Rule of Civil Procedure 65(b) requires such a showing, Judge Caputo denied the motion. At the same time, however, he scheduled a hearing on plaintiff's request for a preliminary injunction.

The court conducted this hearing on March 2, 2009. After considering the testimony of the plaintiff, who proceeded *pro se* and the representations of attorneys for the defendants, the court denied the motion for a preliminary injunction and ordered the defendants to respond to the complaint within twenty days. This memorandum and order serves to memorialize the court's action.

---

[1] Judge Caputo was not available to hold an immediate hearing on plaintiff's motion for a preliminary injunction. Given the extraordinary nature of the relief request and the need for a speedy resolution, the instant judge presided over the hearing.

**Jurisdiction**

As this case is brought pursuant to 12 U.S.C. § 1831, the court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir.2001).

The above factors merely "structure the inquiry" and no one element will necessarily determine the outcome. The court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits. Constructors Association of Western Pa. v. Kreps, 573 F.2d 811, 815 (3d Cir.1978). The movant bears the burden of establishing these elements. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000).

**Discussion**

The court will address each of the four factors enumerated above separately.

### a. Likelihood of Success on the Merits

The court finds that this factor weighs against the issuance of a preliminary injunction. Plaintiff's complaint indicates that he seeks to have the court declare his loan agreement invalid because the defendant bank failed to provide plaintiff with certain information required under federal truth-in-lending laws. He has not indicated, however, where in federal law he is entitled to the remedy he seeks. Moreover, plaintiff indicated at the hearing that he intends to claim that he is entitled to possession of the automobile in question, despite the fact that he admits to delinquency on a loan secured by that vehicle.  In September, 2008, plaintiff filed financing statements pursuant to the Uniform Commercial Code in Maine and Washington State. (See Plaintiff's Exhibits (Doc. 4). He named himself as both the debtor and the secured party on both statements. (Id.). The Maine filing indicates that plaintiff pledged as collateral the vehicle here in question. (Id.). The filing valued the claim at $50,000 and asserted that "[B]efore any of the above property can be disbursed, exchanged, sold, forfeited, gifted, transferred, surrendered, conveyed, destroyed, disposed of, or otherwise removed from DEBTOR'S possession, Secured Party must be satisfied in full[.]" (Id.).

Based on this information, the court finds the likelihood of success on the merits slim. In his motion for a TRO and in his statements to the court, plaintiff did not explain his claim under federal truth-in-lending laws, nor even what relief he is entitled to under the statute. Instead, he concentrated on his claim that he is a

5

"secured creditor" and thus entitled to possess the vehicle in question. The court finds this claim dubious at best. Even if the court were somehow convinced that plaintiff could establish a secured claim to property he already possessed by filing a financing statement that named himself as both the debtor and creditor, the court would also have to conclude that plaintiff's financing statement was filed after he executed the loan agreement with defendants, who secured their loan with the automobile. Thus the defendants would have a senior claim to the automobile. Accordingly, plaintiff has virtually no chance of success on the merits, and this factor weighs heavily against his claim.

### b. Irreparable harm to the movant

At the hearing, plaintiff claimed that he would suffer irreparable harm if the court did not enjoin the sale of his automobile. He would have no automobile, and would therefore be unable to travel to seek employment or meet his daily needs. In addition, he would be unable to recover the vehicle if he eventually prevailed in the lawsuit. The court finds that this factor also favors the non-moving party. First, the hearing revealed that the automobile has already been repossessed. The remedy that plaintiff seeks, an injunction prohibiting the sale of the car, would not return the automobile to plaintiff's possession. Second, the relief that plaintiff actually seeks in his lawsuit–a declaration that plaintiff is not liable on the loan–would not return the car to him, but would simply relieve plaintiff of any need to repay his debt. The defendants could still possess the automobile and sell it. Moreover, "[i]n order to

6

demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F. 2d 797, 801 (3d Cir. 1989). Thus, "'the availability of monetary damages belies a claim of irreparable injury.'" Id. (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F. 2d 100, 102 (3d Cir. 1988)). Money damages are available to the plaintiff should he prevail, which makes the extraordinary relief here sought unnecessary.

### c. Harm to the non-moving party

The harm to the non-moving party of enjoining the sale of the seized automobile would not be insignificant. At the hearing, the defendants informed the court that failing to allow the sale of the automobile would be costly, since the vehicle would continue to depreciate while the case is pending and the defendants would have to pay for storage. Selling the automobile now would allow the defendants to obtain more value for the loan's security, and thus probably allow them to recoup a greater portion of the funds advanced to the plaintiff. This factor, therefore, also favors denying the plaintiff's motion.

### d. The public interest

Finally, the court finds that the public interest would be neither advanced nor harmed by any action the court takes on this matter. This case involves a disputed commercial transaction between two private parties, and thus does not raise any

issue of particular public concern.

**Conclusion**

In weighing all of the above-discussed factors, the court finds against issuing a preliminary injunction in this case. The court will therefore deny the plaintiff's motion. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM RUSSELL ESTY,** | : | No. 5:09cv248 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **HSBC AUTO FINANCE,** | : | |
| **HSBC AUTO CREDIT INC.,** | : | |
| **FINANCIAL ADJUSTERS, and** | : | |
| **DIRECTOR FELICIA STRAUB,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 3rd day of March 2009, the plaintiff's motion for a preliminary injunction (Doc. 6) is hereby **DENIED**. The defendants are hereby directed to respond to the plaintiff's complaint within twenty (20) days of the date of this order.

　　　　　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**